UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a nonprofit corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ALL STAR AUTO WRECKING, INC., a California corporation aka ALL STAR AUTO RECYCLING; and JOE CREAM, SR., an individual, and JOE CREAM, JR., an individual,<br><br>　　　　　Defendants. | Case No. 2:11-CV-1771 JAM-CKD<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS |

　　　This matter is before the Court on Defendants All Star Auto Recycling, Inc., ("All Star"); Joseph Cream, SR., and Joseph Cream, JR.'s ("Defendants") Motion to Dismiss (Doc. #10) Plaintiff California Sportfishing Protection Alliance's ("CSPA")First Amended Complaint ("FAC") (Doc. #7).  The motion to dismiss is brought for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff opposes the

1

motion (Doc. 13).[1] For the reasons set forth below, the motion to dismiss is DENIED.

## I. FACTUAL ALLEGATIONS AND SUMMARY OF ARGUMENTS

Plaintiff CSPA brings this civil suit under the citizen suit enforcement provisions of the Federal Water Pollution Control Act, 33 U.S.C. § 1251, et seq., (known as the Clean Water Act or "CWA") and alleges five causes of action for various violations of the CWA permit conditions as well as a sixth claim under state law for chemical discharges in violation of California's Proposition 65. Plaintiff alleges that Defendants are in violation of the CWA and Proposition 65 because their auto salvage yard facility discharges pollutants into the surface waters of Rice Creek, which flows into and joins Sour Grass Creek and Burch Creek, then drains into the Sacramento River and the San Joaquin River Delta, which are navigable waters of the United States. Plaintiff, a non-profit public benefit corporation whose mission is to preserve and protect the environment, wildlife and natural resources of the water of California, alleges that its members are injured by Defendants' discharges of pollutants because they threaten and impair Plaintiff's ability to use, enjoy, and study the waters at issue. Plaintiff seeks injunctive and declaratory relief, civil penalties and attorney's fees.

Defendants move to dismiss the FAC on the grounds that Plaintiff lacks standing to bring the suit and has failed to properly state the fourth cause of action (Failure to develop and

---

[1] This matter was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). Oral argument was scheduled for January 25, 2012.

implement an adequate monitoring and reporting program). Defendants also argue that should the Court dismiss the federal claims, it should not retain jurisdiction over the pendent state law claim.

## II.  OPINION

### A. Legal Standard

#### 1. Rule 12(b)(1) Dismissal

Dismissal is appropriate under Rule 12(b)(1) when the District Court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1).

> A Rule 12(B)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint.  Because challenges to standing implicate a federal court's subject matter jurisdiction under Article III of the United States Constitution, they are properly raised in a motion to dismiss under Rule 12(b)(1).

Meaunrit v. ConAgra Foods Inc., 2010 WL 2867393, *3 (N.D. Cal. July 20, 2010) (internal citations omitted).  When a defendant brings a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff has the burden of establishing subject matter jurisdiction. See Rattlesnake Coalition v. United States Envtl. Protection Agency, 509 F.3d 1095, 1102, FN 1 (9th Cir. 2007).

There are two permissible jurisdictional attacks under Rule 12(b)(1): a facial attack, where the court's inquiry is limited to the allegations in the complaint; or a factual attack, which permits the court to look beyond the complaint at affidavits or other evidence.  Savage v. Glendale Union High School, 343 F.3d

1036, 1039 n.2 (9th Cir. 2003). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction, whereas in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Li v. Chertoff, 482 F.Supp.2d 1172, 1175 (S.D. Cal. 2007) (internal citations omitted).

If the moving party asserts a facial challenge, the court must assume that the factual allegations asserted in the complaint are true and construe those allegations in the light most favorable to the plaintiff. Id. at 1175, citing Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). If the moving party asserts a factual attack, the court may resolve the factual disputes, looking beyond the complaint to matters of public record, without presuming the truthfulness of the plaintiff's allegations. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

2. Rule 12(b)(6) Dismissal

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a

plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

### 3. Judicial Notice

Generally, the court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. There are two exceptions: when material is attached to the complaint or relied on by the complaint, or when the court takes judicial notice of matters of public record, provided the facts are not subject to reasonable dispute. Sherman v. Stryker Corp., 2009 WL 2241664 at *2 (C.D. Cal. Mar. 30, 2009) (internal citations omitted). Courts may consider extrinsic evidence when "plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document. . . ." Knievel v. ESPN, 393 F.3d 1069, 1076 (9th Cir. 2005). Further, as discussed above, the court may consider extrinsic evidence when deciding factual challenges to jurisdiction under Rule 12(b)(1).

Plaintiff attached two exhibits to the FAC, which the Court

5

may consider.  The two exhibits are the notices of violations and intent to sue that Plaintiff sent to Defendants prior to filing this lawsuit.  Defendants filed a Request for Judicial Notice (Doc. #11) along with the Motion to Dismiss, seeking judicial notice of copies of the annual reports filed by defendants with the Water Quality Control Board (Exhibit A) and a copy of Defendants' National Pollution Discharge Elimination System ("NPDES") permit (Exhibit B).  Defendants assert that judicial notice of these documents is proper because they are from the California Regional Water Quality Control Board, an administrative body.  Plaintiff filed an opposition (Doc. #14) to Defendants' request for judicial notice of Exhibit A, contending that the records submitted are not a true and exact copy of the document that was filed with the Water Quality Control Board, because it is incomplete.  Plaintiff, who obtained a copy of same document from the Water Quality Control Board, has identified the six sections that it asserts are missing, and filed a copy of what Plaintiff asserts is the complete document.  In response, Defendants submitted an affidavit from an employee of their copy service, attesting that he copied all records that were produced to him by the Water Quality Control Board, and that he gave all the copied documents to Defendants' attorneys.

    Because the authenticity of Exhibit A has been questioned, and the Court has been given two different versions of purportedly the same record, the Court will not take judicial notice of Exhibit A at this time.  The Court will take judicial notice of Exhibit B, as Exhibit B is a matter of public record whose authenticity has not been challenged.

6

    4.   <u>Evidentiary Objections</u>

Defendants filed evidentiary objections (Doc. #15, ex. 16) to the affidavits (Doc. #13, exs. 2, 3, 4 & 5) filed by Plaintiff's members regarding their standing. Defendants object to several paragraphs in each affidavit, on the grounds that they violate Federal Rules of Evidence 402, 602, 701 and 802, by containing evidence that is not relevant, inadmissible hearsay, scientific or technical testimony or opinions from lay people, or matters not within the affiant's personal knowledge. Having reviewed the affidavits and objections, the Court finds as follows:

<u>Declaration of Bill Jennings</u>: Objections to paragraphs 6, 9, 20 and 23 are overruled. Objections to paragraphs 15, 19 and 22 are sustained. Objections to paragraph 21 are sustained but only as to the second sentence. Objections to paragraph 26 are sustained other than the first sentence.

<u>Declaration of Jim Crenshaw</u>: Objections to paragraph 5 are overruled. Objections to paragraph 8 are overruled as to the first sentence and sustained as to the second sentence. Objections to paragraph 9 are sustained.

<u>Declaration of Barbara Vlamis</u>: Objections to paragraph 9, 11, 14 and 15 are sustained. Objections to paragraph 10 are overruled.

<u>Declaration of Chris Shutes</u>: Objection to paragraphs 6, 9, and 12 are sustained. Objections to paragraph 10 are sustained other than the first sentence.

B.   <u>Dismissal For Lack of Standing</u>

Defendants contend that Plaintiff lacks standing to bring the claims alleged in the FAC. Defendants argue that the FAC fails to properly allege a concrete, individualized injury to the members of

7

1  CSPA, rests on vague allegations of generalized injury, and is not
2  accompanied by affidavits setting forth allegations of concrete
3  injuries.  Plaintiff's opposition, which was accompanied by
4  declarations from four members of CSPA, asserts that the
5  allegations of the FAC sufficiently establish standing.
6      Standing is a "threshold question in every federal case,
7  determining the power of the court to entertain the suit." Warth v.
8  Seldin, 422 U.S. 490, 498 (1975).  An Article III federal court
9  must ask whether a plaintiff has suffered sufficient injury to
10 satisfy the "case or controversy" requirement of Article III.  An
11 association has standing to bring suit on behalf of its members
12 when "(a) its members would otherwise have standing to sue in their
13 own right; (b) the interests it seeks to protect are germane to the
14 organization's purpose; and (c) neither the claim asserted nor the
15 relief requested requires the participation of individual members
16 in the lawsuit." Hunt v. Washington State Apple Adver. Comm'n, 432
17 U.S. 333, 343 (1977).
18     The individual members have standing if they can demonstrate
19 that an actual or threatened injury exists, which is fairly
20 traceable to the challenged action, and that such injury is likely
21 to be redressed by a favorable decision. Ecological Rights Found.
22 v. Pac. Lumber Co., 230 F.3d 1141, 1147 (9th Cir. 2000).  A suit
23 brought by a plaintiff without Article III standing is not a "case
24 or controversy," and an Article III federal court therefore lacks
25 subject matter jurisdiction over the suit. Steel Co. v. Citizens
26 for a Better Environment, 523 U.S. 83, 102 (1998).
27     Additionally, when a plaintiff seeks injunctive and
28 declaratory relief, the plaintiff must also demonstrate that "he

1 has suffered or is threatened with a concrete and particularized
2 legal harm, coupled with a significant likelihood that he will
3 again be wronged in a similar way." Canatella v. State of
4 California, 304 F.3d 843, 852 (9th Cir. 2002) (internal citations
5 omitted).
6    The FAC alleges that, "Members of CSPA reside in California
7 and use and enjoy California's numerous rivers for recreation and
8 other activities.  Members of CSPA use and enjoy the waters of the
9 Sacramento River, and the Sacramento-San Joaquin Delta, into which
10 Defendants have caused, are causing and will continue to cause,
11 pollutants to be discharged.  Among other things, members of CSPA
12 use these areas to fish, sail, boat, kayak, swim, bird watch, view
13 wildlife and engage in scientific study, including monitoring
14 activities.  Defendants' discharges of pollutants threaten or
15 impair each of those uses or contribute to such threats and
16 impairments.  Thus, the interests of CSPA's members have been, are
17 being, and will continue to be adversely affected by Defendants
18 ongoing failure to comply with the Clean Water Act.  The relief
19 sought herein will redress the harms to Plaintiff caused by
20 Defendants' activities."  FAC, ¶ 13.  In addition, Plaintiff
21 attached the declaration of four of its members to the opposition
22 brief, containing further allegations relevant to standing.  As
23 discussed above, Defendants have objected to parts of those
24 declarations.
25    The FAC contains allegations regarding the organization's
26 purpose (FAC, ¶ 12), and Defendants do not contend that the suit is
27 inconsistent with the CSPA's mission, nor do they contend that the
28 suit requires the participation of individual members.  Defendants'

9

motion to dismiss instead argues that the allegations of the FAC are insufficient to establish that individual members have standing to sue, because they are vague and do not sufficiently allege injury that is traceable to Defendants' conduct.

Plaintiff contends that the allegations of the FAC are sufficient to establish standing, as the allegations specify how members use and enjoy the waters at issue, and the injuries to members' interests that are traceable to pollution discharges by Defendants. Plaintiff submitted affidavits along with the opposition brief, and asserted that the affidavits provide even greater detail to support the allegations of standing in the FAC.

In response, Defendants' Reply brief contends that the declarations are vague or based on unsubstantiated beliefs. Defendants also argue that the affidavits cannot show that the alleged harms are fairly traceable to Defendants. Along with the Reply brief Defendants submitted several documents that they argue show they are in compliance with the conditions of their permit under the CWA. (Doc. #15, exs. 4-15.) Therefore, Defendants contend that Plaintiff has not shown that the injury complained of is traceable to Defendants and not to one of the other businesses or individuals that discharge pollution into the waterways.

Though both parties have supplied the Court with extrinsic evidence, Defendants' motion to dismiss clearly attacked the sufficiency of the allegations in the FAC to establish jurisdiction on its face. See, e.g., <u>Coalition for a Sustainable Delta v. City of Stockton</u>, 2009 WL 6697824, *2 (E.D. Cal. Aug. 21, 2009) (noting that despite both parties including extrinsic evidence in their filings in the form of declarations and affidavits, the defendant

made a facial attack because it asserted that the complaint was, on its face, insufficient to invoke federal jurisdiction). Viewed as a facial attack, and taking the allegations of the FAC as true, the Court finds that Plaintiff has sufficiently alleged standing to bring this suit. The allegations identify how Plaintiff's individual members use and enjoy the waters at issue, how their use and enjoyment is harmed by concerns about violations of environmental laws, and that the injury is traceable to Defendants.

In <u>Ecological Rights Foundation v. Pacific Lumber Company</u>, 230 F.3d 1141 (9th Cir. 2000), the Ninth Circuit found that individual members of two organizations had standing to sue under the CWA when the individual members submitted affidavits stating their recreational and aesthetic interests in the creek at issue. The affidavits stated that the affiants were deterred from fully enjoying the creek because of concerns about pollutants discharge from the defendant's facilities adjacent to the creek. As the Ninth Circuit noted, the threshold question of standing under the CWA is whether an individual can show that she has been injured in her use of a particular area because of concerns about violation of environmental laws, not whether the plaintiff can show there has been actual environmental harm. <u>Ecological Rights Foundation</u>, 230 F.3d at 1151, citing <u>Friends of the Earth v. Laidlaw</u>, 120 S. Ct. 693, 704 (2000). Requiring the plaintiff "to show actual environmental harm as a condition for standing confuses the jurisdictional inquiry (does the court have power under Article III to hear the case?) with the merits inquiry (did the defendant violate the law?)." <u>Ecological Rights Foundation</u>, 230 F.3d at 1150. Further, "the causal connection put forward for standing

purposes cannot be too speculative, or rely on conjecture about the behavior of other parties, but need not be so airtight at this stage of the litigation as to demonstrate that the plaintiffs would succeed on the merits." Id. at 1152. Thus, Defendants' facial attack fails.

With respect to Defendant's factual attack, although it is not clearly spelled out in the opening brief, in response to Plaintiff's opposition, Defendants have in their Reply brief, further developed and made clear that this is also a factual attack. However, this argument also fails. Here Defendants' argue that the statements in the individual members' affidavits about specific pollutants being traceable to Defendants' facility are inadmissible because the affiants are lay people without the firsthand knowledge or technical expertise necessary to render a scientific opinion about pollutants. At the same time, Defendants' assert that Plaintiffs are unable to sufficiently show individual harm and injuries fairly traceable to Defendants, because they cannot show that Defendants are in violation of their permits or that the pollution complained of comes from Defendants and not from other businesses. Defendants argue that the affidavits in no way meet the minimum requirement for standing set forth in Ecological Rights Foundation because they do not present a believable nexus to show individual harm, and do not show traceable injury because the declarations do not factually establish that Defendants are violating their permit. Defendants argue that there are hundreds of other businesses around the waterways, and Plaintiff cannot show that any injury arising from that pollution is fairly traceable to Defendant and not to another business. Defendants argue that the

12

only evidence Plaintiff has put forth is the exceedance of an EPA benchmark detailed by Plaintiff in its notice of violation to Defendants.  Defendants argue that a sample in excess of the EPA benchmarks does not necessarily constitute a violation of the NPDES permit, citing Santa Monica Baykeeper v. International Metals Ekco, Limited, 619 F.Supp.2d 936, 946 (2009).

Despite these more developed assertions in the Reply brief, the Court finds that Plaintiff has still sufficiently shown standing.  To bring a successful factual attack, Defendants would have to demonstrate that the allegations in the FAC which give rise to standing are untrue.  However, in doing so, Defendants must not confuse the jurisdictional inquiry with the merits inquiry, as Plaintiff need not prove the merits of the case at this early stage of the pleadings.  The Reply brief is a not so well disguised request by Defendants to have this Court prematurely decide the merits of the case. The Court must, however, refuse this request at this early stage of the litigation.

Further, this Court disagrees with Defendants' argument that Plaintiff fails to meet the standard articulated in Ecological Rights Foundation.  In Ecological Rights Foundation, the Ninth Circuit reversed the District Court's grant of summary judgment for lack of standing, finding instead that the plaintiffs had standing. In so doing, the Ninth Circuit stated that an individual plaintiff in a CWA case need only claim that his or her enjoyment of various activities on the waterways at issue is lessened due to alleged violation of various provisions of the CWA. Ecological Rights Foundation, 230 F.3d at 1152.  Plaintiff does not need to prove to a scientific certainty that Defendants have in fact discharged

13

pollutants in violation of its permits, in order to obtain standing.

The affidavits discuss individual members' use and enjoyment of the waters at issue, their concerns about alleged pollution from Defendants' facility, and how these concerns are impeding their use and enjoyment of the Sacramento River and the other bodies of water at issue in this litigation.  While the paragraphs that Defendants successfully objected to provide greater background on why individual plaintiffs believe that Defendants are responsible for violating the CWA and polluting the waterways, these paragraphs are not necessary to establish standing.  Accordingly, the motion to dismiss the FAC for lack of subject matter jurisdiction is denied.

    C.    <u>Dismissal For Failure to State a Claim</u>

Plaintiff's fourth claim for relief alleges that Defendants are violating the permit conditions of their CWA permit by failing to develop and implement an adequate monitoring and reporting program.  Plaintiff alleges that Defendants have failed to collect and analyze storm water samples from all discharge location, failed to analyze the samples for all likely toxic chemicals, and have failed to file their required annual reports with the Regional Water Quality Board.  Defendants argue that this claim should be dismissed for failure to state a claim, because they have submitted all the required annual reports, and taken all the necessary steps to comply with the permit conditions.  In response to Plaintiff's objections to Defendants' request for judicial notice of the reports that Defendants initially filed, Defendants filed a second set of annual reports (Doc. #15, exs. 4-13) which they again assert are true and complete copies of the records.  Additionally,

14

1  Defendants argue that permit compliance conditions are altered by
2  their participation in a group monitoring plan.
3       The FAC alleges that Defendants have failed to perform
4  adequate monitoring and reporting.  Plaintiff's opposition brief
5  offers an example of such failure, contending that Defendants did
6  not test for iron, lead and aluminum as required by the permit.
7  Defendants argue that the records they submitted show that they did
8  test for lead.  Additionally, Defendants contend that their Storm
9  Water Pollution Prevention Plan does not require them to test for
10 either Iron or Aluminum.  Defendants attached a copy of the SWPPP
11 to the reply brief. (Doc. #15, ex. 14).  Though Plaintiff stated
12 that Iron, Lead and Aluminum were only examples of some of the many
13 deficiencies in Defendants monitoring and reporting, Defendants
14 argue that because they have shown that they do test for these
15 chemicals or are exempted from testing for them, Plaintiff fails to
16 state a claim.
17      Section 402(p) of the Clean Water Act, 33 USC 1342(p)
18 establishes a framework for regulating pollutants associated with
19 industrial activity.  <u>Santa Monica Baykeeper</u>, 619 F.Supp.2d at 940.
20 Pursuant to EPA regulations, authorized states may issue general
21 permits or individual permits to regulate storm water discharges.
22 <u>Id.</u>, <u>citing</u> 40 CFR 122.26(c), 122.28, 123.25; 60 Fed. Reg. 50804-
23 01.  The General Permit sets forth a number of requirements for
24 permitees, including requiring the implementation of a Storm Water
25 Pollution Prevention Plan and the development of a Monitoring and
26 Reporting Program.  <u>Santa Monica Baykeeper</u>, 619 F.Supp.2d at 940.
27 Here, the parties both agree that Defendants are governed by the
28 General Permit issued by the State of California.

15

When determining the sufficiency of the allegations, the Court must take the allegations of the FAC as true.  Defendants have attempted to disprove the allegations of the FAC in part by referring the Court to the SWPPP, arguing that the Court should consider the SWPP because it is relied upon in the FAC.  However, the second claim for relief in the FAC, which Defendants do not move to dismiss under Rule 12(b)(6), alleges that the SWPPP is inadequate and in violation of the CWA.  Thus, the Court will not at this time rely on the SWPPP to disprove the allegations of the FAC regarding reporting and monitoring, given that the adequacy of the SWPPP is at issue in the litigation.  Defendants also refer the Court to annual reports submitted with the reply brief.  As discussed above, the Court declines to take judicial notice of the annual reports submitted with the motion to dismiss.  Likewise, the Court will not at this time consider the annual reports submitted with the reply brief. Plaintiff previously objected to the annual reports, and has not had the opportunity to challenge the reports accompanying the reply brief.  Even if the Court were to consider the annual reports, it would not grant Defendants' motion to dismiss the fourth claim at this early stage of the pleadings, as the allegations of the FAC are sufficient to state a claim.  Lead testing, potentially shown by the annual report, is only one example offered in the opposition brief.  The claim itself contains other allegations, sufficient at this stage to state a claim for violation of the General Permit requirement to develop an adequate Monitoring and Reporting Program.  Accordingly, the motion to dismiss the fourth claim for relief is denied.

1      D.   <u>Dismissal For Lack of Pendent Jurisdiction</u>

2     The sixth claim for relief is a claim under California state law for unlawful discharge of pollutants in violation of Proposition 65, California Health & Safety Code Sections 25249.5, 25249.9 and 25249.11.  Defendants' argue that if no CWA claims remain in the suit, the Court should dismiss the state law claim for lack of pendent jurisdiction.  However, because the Court has denied Defendants' motion to dismiss the federal claims in this case, the Court will retain pendent jurisdiction over the Proposition 65 claim at this time.

## III. ORDER

For the reasons set forth above, the Motion to Dismiss is DENIED.

IT IS SO ORDERED.

Dated: March 16, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE